United States District Court
Southern District of Texas
ENTERED
July 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Deylin Sinar Zeron Castro, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2026 |
| | § | |
| Grant Mason Dickey, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Deylin Sinar Zeron Castro is a native and citizen of Nicaragua who unlawfully entered the United States in 2021. Docs. 1 ¶ 15, 1-1 at 3, 10 at 2. On August 27, 2025, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Doc. 1 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates the Fifth Amendment's Due Process Clause.[1]

Now before the Court is Respondent's Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 10, to which Petitioner has responded in opposition and moved for judgment on the pleadings, Doc. 11. Respondent maintains that Petitioner is not

[1] The Petition does not specify whether Petitioner argues that his present detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 9–10. The Court will assume that Petitioner contends that both doctrines apply.

entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 10; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at 7, 10 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As to Petitioner's conditions-of-confinement claims alleging failure to protect and deliberate indifference (Count III), denial and delay of medical and mental health care (Count IV), and retaliation and intimidation (Count V), these claims are not properly raised in a *habeas corpus* action. Claims regarding unconstitutional conditions of confinement are not cognizable in a habeas action and must instead be raised in a civil rights action. *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *see also Rincones Escalante v. Thompson*, No. 4:26-CV-03710, 2026 WL 1602277, at *3 (S.D. Tex. June 2, 2026) (Eskridge, J.) (noting that conditions-of-confinement claims raised in a *habeas corpus* action "must instead be raised in a civil rights action").

As such, Respondent's Motion to Dismiss and, in the Alternative, for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. All other

pending motions are DENIED AS MOOT. Petitioner's Counts III, IV, and V are DISMISSED WITHOUT PREJUDICE to being raised in a civil rights action brought under 42 U.S.C. § 1983. In all other respects, this action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 14th of July, 2026.

Nicholas J. Ganjei
United States District Judge